Cheri Lee **FORSTEIN**, Petitioner—Appellant,

v.

Gloria **HENRY**, Warden; et al., Respondents—Appellees.

No. 05–17139.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2006.*

Decided June 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Eric M. Weaver, Esq., Law Offices of Eric M. Weaver, Albany, CA, for Petitioner–Appellant.

David A. Rhodes, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondents–Appellees.

Before: RYMER and T.G. NELSON, Circuit Judges, and KING,** Senior Judge.

### MEMORANDUM ***

Cheri Lee Forstein appeals the district court's denial of her petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

■ Forstein argues that there is insufficient evidence to support her conviction of the first-degree murder of Howard Morris under a theory of aiding and abetting.

We disagree. The California Court of Appeal's decision upholding the conviction was not an unreasonable application of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), because a reasonable juror could have found that Forstein knew that Curtis Howard intended to kill someone in the Morris family and that she gave aid and encouragement to him in committing the murder, *see People v. McCoy,* 25 Cal.4th 1111, 1117, 108 Cal. Rptr.2d 188, 24 P.3d 1210 (2001); *People v. Beeman,* 35 Cal.3d 547, 560, 199 Cal.Rptr. 60, 674 P.2d 1318 (1984). Forstein made numerous murderous threats against the Morris family, she called Howard and told him she needed him to "get rid of these two black niggers," she returned with Howard on the day of the murder and she identified Morris's younger brother. Forstein warned her neighbors to take cover because there might be a shooting. A reasonable juror could have inferred that Howard's assault on Morris's younger brother was intended to provoke a response from his family, especially in light of Howard's statement after his arrest that he had done what he came to do.

■ Forstein also argues that she was denied her Sixth Amendment right to a trial by an impartial jury because of juror misconduct. This argument lacks merit. The California Court of Appeal's decision was not contrary to, or an unreasonable application of, clearly established federal law set forth in *Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), given that Juror Number 11 stated that Forstein attempted to make eye contact with her and the trial court interviewed the affected jurors and determined that they could remain objective. *See*

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Williams v. Woodford*, 384 F.3d 567, 626 (9th Cir.2004) ("The Sixth Amendment affords no relief when the defendant's own misconduct caused the alleged juror partiality and the trial judge employed reasonable means under the circumstances to preserve the trial's fairness."); *Dyer v. Calderon*, 151 F.3d 970, 974–75 (9th Cir. 1998).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.